IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02225-STV

JACKIE-DEVERE ALLEN COLE,

    Plaintiff,

v.

DR. GEORGE SANTINI,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon Plaintiff's failure to comply with Court orders, failure to appear at Court proceedings, and failure to respond to the Court's Order to Show Cause. [#73]  The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [##40; 42; 43]  For the following reasons, the Court **DISMISSES** this case **WITH PREJUDICE** based upon Plaintiff's failure to prosecute.  The Court further **DENIES** as moot Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#53].

    Plaintiff, proceeding *pro se*, initiated this civil action on August 29, 2022.  [#1] Defendant filed a Motion to Dismiss on February 24, 2023 [#53] and a Motion to Stay on April 12, 2023 [#60].  Plaintiff failed to file timely responses to either motion, despite the Court *sua sponte* extending Plaintiff's deadline to respond to the Motion to Dismiss by

1

over six weeks.  [##61; 70]  On April 11, 2023, the Court set this matter for a Motion Hearing to be held on May 9, 2023.  [#59]  The morning of the Motion Hearing, Plaintiff filed a motion to appear remotely, which the Court granted, providing Plaintiff with the call-in information to facilitate a telephonic appearance.  [##68; 69]  Plaintiff, however, failed to appear either in-person or telephonically for the May 9 Motion Hearing.  [#70]  The Court granted Defendant's Motion to Stay, but reset the Motion Hearing for May 23, 2023 in order to take up the Motion to Dismiss.  [*Id.*]  The Court noted that failure by the Plaintiff to appear for the May 23, 2023 Motion Hearing would result in an order to show cause.  [*Id.*]  Plaintiff again failed to appear either in-person or telephonically for the May 23 Motion Hearing.  [#72]

On May 23, 2023, the Court issued an Order to Show Cause, directing Plaintiff to show cause, in writing, as to why this matter should not be dismissed for failure to prosecute.  [#73]  Plaintiff had until June 13, 2023 to make such a showing.  [*Id.*]  Plaintiff was warned that a failure to timely respond may result in the dismissal of this action.  [##72; 73 at 3]  Plaintiff has failed to file any response to the Order to Show Cause.

Based upon Plaintiff's failures to comply with Court orders, attend hearings set by the Court, or take otherwise appropriate actions to prosecute this case, the Court finds it appropriate to enter this order of dismissal based upon Plaintiff's failure to prosecute his claims.[1]  Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

---

[1] "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

the action or any claim against it." Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders."[2]  *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630- 31 (1962)). Accordingly, D.C.COLO.LCivR 41.1 states that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In considering dismissal with prejudice under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015). The Court finds that all of these factors weigh in favor of dismissal.

First, Defendant has suffered actual prejudice as a result of Plaintiff's failures to attend Court hearings and comply with Court orders. Specifically, Defendant continues

---

[2] Dismissal also is appropriate under Federal Rule of Civil Procedure 16(f)(1), which provides, in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(v) permits the Court to sanction a party by "dismissing the action or proceeding in whole or in part."

to experience delay and uncertainty in the resolution of the claims against him.  Second, the amount of interference with the judicial process is significant as Plaintiff has failed to comply with the Court's orders and appear at hearings at which he had an obligation to appear, despite having notice of them.  [*See* #68 (Plaintiff's request to appear for the May 9 hearing remotely, which the Court granted)]  Third, Plaintiff appears to be solely responsible for his failure to comply with the Court's orders and failure to attend Court hearings, and has ignored the opportunity given by the Court to show cause for his failures.  Fourth, the Court previously warned Plaintiff that his failure to comply with the duly issued Order to Show Cause may result in the dismissal of this case.  [##72, 73]  Finally, there does not appear to be any lesser sanction that would be effective, as Plaintiff has been unresponsive to orders from this Court.

Because Plaintiff has failed to comply with this Court's orders and appear for Court hearings, the case is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) and D.C.COLO.LCivR 41.1 for failure to prosecute.  The Court further **DENIES** Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#53] as moot.

DATED:  June 15, 2023

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge